UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT D. SANGO,

         Plaintiff,

v.

UNKNOWN POVASTACK et al.,

         Defendants.
_____/

Case No. 1:19-cv-1060

Honorable Janet T. Neff

## **ORDER**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On January 16, 2020, the Court issued an order (ECF No. 5), granting Plaintiff's motion to proceed *in forma pauperis*. This matter is presently before the Court on Defendants' motion to revoke pauper status (ECF No. 20).

Prior to granting Plaintiff leave to proceed *in forma pauperis*, this Court carefully considered whether Plaintiff's motion for pauper status under should be granted under 28 U.S.C. § 1915(g), in light of his extensive litigation history in this Court and in the Eastern District of Michigan. Under that provision, known as the "three-strikes" rule,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger

of serious physical injury." During its review, the Court recognized that Plaintiff had filed far more than three cases that were dismissed as frivolous, malicious, or for failure to state a claim. *See Sango v. Place*, No. 2:16-cv-136 (W.D. Mich. July 6, 2016); *Sango v. Lewis et al.*, No. 1:14-cv-342 (W.D. Mich. July 18, 2014); *Sango v. Huss*, No. 1:14-cv-2 (W.D. Mich. June 12, 2014); *Sango v. Miniard et al.*, No. 1:14-cv-344 (W.D. Mich. June 10, 2014); *Sango v. Hammond et al.*, No.1:14-cv-283 (W.D. Mich. May 6, 2014); *Sango v. Novak*, No. 1:14-cv-343 (W.D. Mich. Apr. 23, 2014). The Court also recognized that Plaintiff repeatedly had been denied leave to proceed *in forma pauperis* in this Court and in the Eastern District of Michigan because he has three strikes. *See Sango v. Curtis et al.*, No. 1:14-cv-823 (W.D. Mich. Aug. 14, 2014); *Sango v. Wakley et al.*, 1:14-cv-703 (W.D. Mich. July 8, 2014); *Sango v. Grand et al.*, No. 2:14-cv-14060 (E.D. Mich. Oct. 31, 2014); *Sango v. Mich. State Office of Admin. Hr'gs & Rules et al.*, No. 1:14-cv-1272 (W.D. Mich. Jan. 13, 2015); *Sango v. Eryer et al.*, No. 1:15-cv-71 (W.D. Mich. Feb. 12, 2015); *Sango v. Nevins et al.,* No. 1:15-cv-179 (W.D. Mich. Mar. 3, 2015); *Sango v. Watkins*, No. 1:15-cv-221 (W.D. Mich. Mar. 12, 2015); *Sango v. Joiner*, No. 1:15-cv-232 (W.D. Mich. Mar. 23, 2015); *Sango v. Aramark et al.*, No. 1:15-cv-247 (W.D. Mich. Apr. 13, 2015); *Sango v. Bastain*, No. 2:16-cv-15 (W.D. Mich. Mar. 2, 2016); *Sango v. Bastain et al.*, No. 2:16-cv-14 (W.D. Mich. Mar. 2, 2016); *Sango v. Desselier*, No. 2:16-cv-13 (W.D. Mich. Mar. 2, 2016); *Sango v. Snyder*, No. 2:16-cv-12 (W.D. Mich. Mar. 2, 2016); *Sango v. Russell*, No. 2:16-cv-45 (W.D. Mich. Mar. 4, 2016); *Sango v. Place*, No. 2:16-cv-23 (W.D. Mich. Mar. 4, 2016); *Sango v. Dessellier et al.*, No. 2:16-cv-123 (W.D. Mich. Jun. 10, 2016); *Sango v. Sohlden et al.*, No. 2:16-cv-18 (W.D. Mich. Mar. 13, 2017).

In light of this history, the Court considered whether Plaintiff had sufficiently alleged that he was in imminent danger of serious physical injury within the exception to § 1915(g).

As the Sixth Circuit summarized in *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580 (6th Cir. 2013):

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797-98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Id.* at 585. A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint. *Id.*

At the time Plaintiff filed his complaint, he was housed at the Muskegon Correctional Facility (MCF), and he alleged that "an officer came and warned me that Povastack and his crew were now recruiting a prisoner to attack me, so when I fight back, I'd be put in segregation so C/O Abatoy could put the fluid in my food in segregation." (Compl., ECF No. 1, PageID.2.) The "fluid" is bodily fluid from a prisoner with HIV/AIDS. The Court concluded that the facts alleged, particularly the fact that an officer was recruiting a prisoner to attack Plaintiff, was sufficient to support a claim that he was in imminent danger of serious physical injury at the

3

time he filed his complaint. The Court therefore granted Plaintiff's motion to proceed *in forma pauperis* in this action.

Defendants now argue that the grant of pauper status should be revoked, because Plaintiff's allegations are either "ridiculous" or rise to the level of being "wholly incredible," as described in *Rittner*, 290 F. App'x at 798. The Court disagrees. While the allegations may appear somewhat unlikely, they do not rise to the level of being incredible. And, if true, the allegations support a conclusion that Plaintiff was in imminent danger at the time he filed his complaint.

Defendants also argue that pauper status should be revoked, because Plaintiff no longer is housed at MCF, but instead is incarcerated at the Alger Correctional Facility (LMF). In support of their argument, Defendants cite this Court's recent decision in *Sango v. Kludy et al.*, No. 1:20-cv-174 (W.D. Mich. Mar. 18, 2020) (ECF Nos. 4-5) (denying pauper status because Plaintiff Sango alleged only past harms and because he was no longer housed at MCF and therefore not at risk from defendants), and Judge Maloney's decision in *Sango v. West et al.*, No. 1:20-cv-156 (W.D. Mich. Mar. 10, 2020) (ECF Nos. 5-6) (same). The Court also recognizes that Chief Judge Jonker recently denied pauper status in *Sango v. Brown et al.*, No. 1:20-cv-80 (W.D. Mich. Apr. 6, 2020), for nearly identical reasons as those set forth in Case Nos. 1:20-cv-156 and 1:20-cv-174.

Defendants' arguments for revoking pauper status are unavailing. In all three referenced decisions, the orders denying pauper status were entered two or three months after the Court granted pauper status in the instant case. By the time the actions were filed and docketed and pauper status was first requested and considered, Plaintiff already had been transferred to LMF. Plaintiff clearly was no longer was in imminent danger from the defendants in the case.

4

Moreover, in all those cases, Plaintiff Sango alleged only past harms, not clear threats of imminent harm.

Here, in contrast, at the time of initial review of Plaintiff's motion to proceed *in forma pauperis*, Plaintiff Sango was still housed at MCF. He also squarely alleged facts indicating that he faced imminent danger at the time he filed his case, because he alleged that Defendants allegedly were attempting to recruit a prisoner to assault him. Given the Sixth Circuit's express statement that pauper status be determined as of "'the time the complaint is filed,'" *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 797), and given the other factual differences between the cases, no basis exists for revoking pauper status solely because the MDOC has subsequently transferred Plaintiff to another facility.

Accordingly,

**IT IS ORDERED** that Defendants' motion to revoke pauper status (ECF No. 20) is **DENIED**.


Dated:   April 14, 2020                          /s/ Janet T. Neff
                                                 Janet T. Neff
                                                 United States District Judge