UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT D. SANGO #252200,

    Plaintiff,                                          Hon. Janet T. Neff

v.                                                            Case No. 1:19-cv-1060

UNKNOWN POVASTACK, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment Based on Failure to Exhaust and Motion to Dismiss Based on Eleventh Amendment Immunity. (ECF No. 17.) Plaintiff has failed to respond to Defendants' motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **GRANTED**.

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), sued MDOC employees James Posvistak (incorrectly referred to in the docket report as Povastack) and John Abbatoy (incorrectly referred to in the docket report as Abatoy) pursuant to 42 U.S.C. § 1983 alleging that they retaliated against him in violation of the First Amendment. In particular, Plaintiff alleges that while he was incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, and after Plaintiff had filed a lawsuit against Defendant Posvistak and others, an officer warned him that Defendant Posvistak and his crew were recruiting a prisoner to attack Plaintiff so when Plaintiff fought back he would be put in segregation, where Defendant

1

Abbatoy could put fluid in Plaintiff's food.  The fluid was bodily fluid from a prisoner with HIV/AIDS.  (ECF No. 1 at PageID.2.)

Defendants move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies.   They also move for dismissal based on Eleventh Amendment immunity to the extent Plaintiff sues them in their official capacities.

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden."  *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which Defendants bear the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust."  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.   A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019).

In support of their motion, Defendants attach a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III during the relevant time period.  (ECF No.

18-3.)  Defendants note that the Step III report shows that during 2018 and 2019 Plaintiff did not pursue a grievance through Step III about any incident that occurred at Muskegon Correctional Facility.  In fact, the Step III report shows that Plaintiff's most recent Step III grievance was filed on November 3, 2015, at the Baraga Maximum Correctional Facility.  (*Id.* at PageID.95.)  Although Plaintiff does not state the date that the corrections officer warned Plaintiff about Defendant Posvistak recruiting a prisoner to attack Plaintiff, Plaintiff does mention that it was after Plaintiff filed another "civil action" against MDOC employees "Kennsey, Povastack, Coleman, and Crofoot."  (ECF No. 1 at pageID.2.)  That lawsuit, Case No. 1:19-cv-1047, was filed in this Court on December 13, 2019.  Thus, Plaintiff would have had to exhaust a grievance through Step III in December 2019 or early 2020.  Accordingly, Defendants have shown that Plaintiff failed to exhaust his administrative remedies as to his claims against them.

Defendants also argue that, to the extent Plaintiff has sued them in their official capacities, Plaintiff's claims are barred by the Eleventh Amendment.  Defendants are correct that Plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment.  *Cady v. Arenac Cty.*, 574 F.3d 334, 344 (6th Cir. 2009).

## CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment Based on Failure to Exhaust and Motion to Dismiss Based on Eleventh Amendment Immunity (ECF No. 17) be granted and that Plaintiff's official-capacity claims be **dismissed with prejudice** and Plaintiff's individual-capacity claims against Defendants be **dismissed without prejudice**.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: June 18, 2020 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge